UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD W. PORTER, Jr..**<br>Plaintiff,<br><br>v.<br><br>**TOWN OF LONDONDERRY, ET AL.,**<br>Defendants. | CIVIL ACTION<br>No. 23-40123-TSH |
| **RICHARD W. PORTER, Jr.**<br>Plaintiff,<br><br>v.<br><br>**MCDERMOTT REVOKABLE TRUST, ET AL,**<br>Defendants. | CIVIL ACTION<br>No. 23-40135-TSH |

MEMORANDUM AND ORDER

HILLMAN, J.

For the reasons set forth below, the clerk is directed to consolidate No. 23-40135 with No. 23-40123.  If plaintiff wishes to proceed in this matter, he must (1) either pay the filing fee or file a motion for leave to proceed *in forma pauperis*; and (2) file an amended complaint that sets forth both a basis for this Court's jurisdiction and a plausible claim upon which relief may be granted.  The Lead Case shall be 23-40123 and all further pleadings shall be filed under this case number.

**I.    Background**

On September 21, 2023, Richard Porter, currently committed to Worcester Recovery Center and Hospital ("WRCH"), filed a self-prepared complaint against the McDermott Revokable Trust, James McDermott and others.  Doc. No. 1, No. 23-40123.  Less than two weeks later, on October 3, 2023, Porter filed a second complaint against McDermott Revokable

Trust, James McDermott and Herbert Harrison. Doc. No. 1, No. 23-40135. Both complaints were filed without paying the $402 filing fee or filing a motion for leave to proceed *in forma pauperis*.

As best can be gleaned from the two complaints, Porter contends that he is the true owner of two homes and, through this action, Porter seeks to quiet title to real property located in Londonderry, New Hampshire and Framingham, Massachusetts. Porter states that in 1995 he purchased a modular home for a 3-acre lot he owned in Framingham. The builder was granted a first mortgage and, in 1996, Porter filed for bankruptcy (Chapter 13). Porter subsequently moved to New Hampshire where he had a home built. He subsequently filed for bankruptcy (Chapter 7). Porter contends that the homes were sold to one or more of the defendants, who Porter contends broke into the homes. Porter alleges that the mortgage holders, defendants Roy and McDermott, received fraudulent deeds and that the homes do not have occupancy permits.

**II.    Discussion**

Because Porter brings essentially the same claims in the two complaints, the Court consolidates these two related actions under Rule 42 of the Federal Rules of Civil Procedure. Under Rule 42, a district court may consolidate civil actions pending in the same court if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). Because these actions involve common issues of law and fact as well as some of the same defendants, both equity and judicial economy support the consolidation of these cases. The Clerk of Court will be directed to consolidate these cases. All further papers filed or submitted for filing, including any amended complaint filed by Porter, will be docketed in the lead action under case number 23-40123. No further action is necessary on the higher-numbered case, No. 23-40135, which will be terminated as a pending case on the Court's docket.

The Court liberally construes Porter's pleadings because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the complaints fail to allege any facts that could support a claim against the defendants. The Court grants Porter leave to submit an amended complaint that complies with the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. Fed. R. Civ. P. 10(b) (the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Porter should include in any amended complaint all of the information that Porter wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include (1) the names of those individuals who were personally and directly involved; (2) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event and the general location where each event occurred; (3) a description of the injuries Porter suffered; and (4) the relief Porter seeks, such as monetary damages, injunctive relief, or declaratory relief. Because any amended complaint will completely replace, not supplement, the original complaints, any facts or claims that Porter wants to include from the original complaints must be repeated in an amended complaint that is filed under docket number 23-40123-TSH. Failure to comply with theses directives shall result in a dismissal of this action.

**III.   Conclusion**

For the foregoing reasons, it is hereby Ordered that:

1. The Clerk of Court is directed to consolidate C.A. No. 23-40135-TSH with C.A. No. 23-40123-TSH. C.A. No. 23-40135-TSH shall be terminated on the Court's docket. The Lead Case shall be C.A. No. 23-40123-TSH, and all further pleadings shall be filed under this case number.

2.      If Plaintiff wishes to proceed in this matter, he must (1) either pay the $402 filing fee or file a motion for leave to proceed *in forma pauperis*; and (2) file an amended complaint that sets forth both a basis for this Court's jurisdiction and a plausible claim upon which relief may be granted.  Failure to comply with this directive within thirty-five days of the date of this Order (that is, by November 16, 2023) will result in dismissal of this action.

3.      All further papers filed or submitted for filing, including any motion for leave to proceed *in forma pauperis* and amended complaint, will be docketed in the lead action under case number 23-40123-TSH.   The Clerk shall provide plaintiff a blank Application to Proceed in District Court without Prepaying Fees or Costs.

SO ORDERED.

October 12, 2023                                                  /s/ Timothy S. Hillman
DATE                                                                   UNITED STATES DISTRICT JUDGE